UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PAMELA EILENFELDT, as next friend of her minor child, J.M., ) ) ) | |
| Plaintiff, ) ) ) | Case No. 4:12-cv-04029-SLD-JAG |
| v. ) ) | |
| UNITED C.U.S.D. #304 BOARD OF EDUCATION, Political Subdivision of the State of Illinois; JEFF WHITSITT, individually and in his official capacity as superintendent of schools; KRISTEN NELSON, individually and in her official capacity as principal of United Junior High School; RYAN WESTART; LORI SCHROCK; DONNA WINBIGLER; DENNIS BROWN; and DOES I-XX, inclusive, ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | |

## ORDER

This case arises from Plaintiff Pamela Eilenfeldt's claims that the Defendants enabled severe bullying of Eilenfeldt's minor child J.M. at Union Junior High School. At issue is the Defendants' Motion to Dismiss, ECF No. 11. For the reasons set forth below, the Defendants' Motion is granted, with leave for Eilenfeldt to amend her Complaint consistent with this Order.

## BACKGROUND

The factual allegations of this case are set out in Eilenfeldt's Complaint, ECF No. 1. When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts as true and draws all inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

1

## I. Parties

Eilenfeldt brings this action on behalf of her minor child J.M. against various individuals and entities associated with the United Community Unit School District #304 ("C.U.S.D." or "School District"). Eilenfeldt asserts that at all relevant times the Defendants acted under color of law and alleges her claims against each individual Defendant in their individual and official capacities. The Defendants' identities are as follows:

1. Defendant C.U.S.D. Board of Education ("Board of Education") is a political subdivision of the State of Illinois and operates United Junior High School, a public educational institution located in Monmouth, Illinois.
2. Defendant Jeff Whitsitt is the superintendent of schools for the School District.
3. Defendant Kristen Nelson is the principal of United Junior High School.
4. Defendants Ryan Westart, Lori Schrock, and Donna Winbigler are teachers at Union Junior High School.
5. Defendant Dennis Brown is a guidance counselor at United Junior High School.
6. The true names and capacities of Defendants Doe I-XX[1] are unknown to Eilenfeldt; Eilenfeldt is informed and thereon alleges that each Defendant designated as Doe is responsible in some manner for the events referred to in this action and proximately caused damages to Plaintiff.

---

[1] Eilenfeldt's Complaint at times references "Does I-X" and "Does I-XX." Because the caption of Eilenfeldt's Complaint names the latter as defendants, the Court will use that designation to refer to them.

## II.     Bullying and Harassment of J.M.

At all relevant times J.M. was enrolled as a student at United Junior High School. According to Eilenfeldt's Complaint, it was there that J.M. was subjected to repeated instances of bullying, taunting, physical assault, and sexual harassment by both students and teachers. Eilenfeldt alleges that from the 2010-2011 academic year to the present J.M. was subjected to repeated instances of harassment of a sexual nature from students, including statements that he was a "rapist, a pedophile, a child molester, [and] that he was sexually attracted to young boys." (Compl. at 3.)  According to the Complaint, someone also produced pictures, video, and graffiti depicting J.M. as a pedophile and child molester, but Eilenfeldt does not specify who made these depictions nor where they were produced.

J.M. was also subjected to repeated instances of physical assault by other students, including having his head slammed into a locker and being pushed, kicked, and punched. Students made threats of physical violence against J.M., including threats to "shank" him with a knife.

As a result of this harassment, J.M. suffered physical injury, emotional trauma, anxiety, depression, and social withdrawal, and was deprived of the educational opportunities and benefits provided by Defendant Board of Education.   From January 2010 to the present, Eilenfeldt and J.M. repeatedly discussed with school teachers and administrators the harassment and physical attacks suffered by J.M. and the negative impact on his physical and emotional health.  Eilenfeldt alleges that since that time the Defendants were also aware of the identity of the perpetrators of the harassment and either took insufficient action or participated themselves in the bullying against J.M.  According to Eilenfeldt, the teachers and administrators at Union Junior High increased the danger to J.M. by making comments that the bullying he suffered was

3

his own fault; informing J.M.'s classmates that it was acceptable to single J.M. out and bully him; punishing J.M. for attempting to defend himself from bullying while imposing no punishment on the perpetrators; informing J.M.'s classmates that they are "the best group of kids" and praising them for being nice to one another, despite knowledge of Eilenfeldt's continuing complaints; and destroying videos that were created by students depicting J.M. as a pedophile.  Eilenfeldt further alleges that the Defendants condoned student-on-student sexual and physical harassment in the past by playing down the acts, blaming the victims, inadequately investigating the severity of the acts, and taking little or no punitive action against perpetrators such that they violated their own policies and state and federal law.

In her Complaint, Eilenfeldt alleges nine separate causes of action against the Defendants including violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); civil rights violations under 42 U.S.C. § 1983; and violations of the equal protection clause of the Fourteenth Amendment.  Eilenfeldt additionally raises claims of breach of contract; negligence; negligent hiring and supervision; intentional and negligent infliction of severe mental distress; and violations of "I.L.C.S. Sec. 27-23.7."

The ninth cause of action in Eilenfeldt's Complaint seeks to enjoin the Defendants from discriminating against J.M., to compel them to ensure that J.M. is no longer bullied or harassed, and to ensure that they otherwise conform to the policy requirements of Title IX.  On June 6, 2012, Eilenfeldt filed a Motion for a Preliminary Injunction which elaborated on her allegations against the Defendants and the injunctive relief she sought.  (ECF No. 17.)  On June 20, 2012, Defendants filed their Motion to Strike Plaintiff's Motion for a Preliminary Injunction or, in the Alternative, Motion for Extension of Time to Respond.   On August 24, 2012, the Court entered

an order denying Eilenfeldt's Motion for a Preliminary Injunction as moot because J.M. had graduated from United Junior High School.

On May 31, 2012, the Defendants filed their Motion to Dismiss. (ECF No. 12.) Eilenfeldt filed her Response on July 13, 2012. (ECF No. 21.) For the reasons discussed below, the Court grants the Defendants' Motion to Dismiss. Eilenfeldt is granted leave to amend and refile her Complaint consistent with the limitations set out below.

## DISCUSSION

### I. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) does not resolve the merits of a particular claim, but rather tests only the sufficiency of the allegations set forth in the complaint. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The factual allegations in a complaint are accepted as true, but must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). In sum, the plaintiff's allegations must demonstrate that the claim "is plausible, rather than merely speculative." *Tamayo*, 526 F.3d at 1083. The plausibility standard, while demanding less than a probability, "asks for more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense," *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

In ruling on a defendant's motion to dismiss under Rule 12(b)(6), the court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Facts in the complaint that disprove the asserted claim should be considered, and the court need not accept unsupported conclusions of law. *Northern Ind. Gun & Outdoor Shows v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)); *see also Iqbal*, 556 U.S. at 680-81 (citing *Twombly*, 550 U.S. 544 (2007)) (conclusory allegations are "not entitled to be assumed true").

## II.    Defendants' Motion to Dismiss

### 1. Rule 8(a)'s Pleading Standard and Rule 10(b)'s Clarity Requirements

The Court begins its discussion of the Defendants' Motion to Dismiss by identifying several infirmities in Eilenfeldt's Complaint. As will be discussed in more detail *infra*, the Court will provide Eilenfeldt the opportunity to cure some of these deficiencies by amending her Complaint.

Eilenfeldt's Complaint, which on its face alleges nine causes of action against the Defendants, is not an easy read. In fact, it is rather confusing. It is confusing first and foremost because Eilenfeldt does not distinguish between the Defendants. At various points in the Complaint she claims that "the Defendants" violated J.M.'s civil rights under § 1983; breached express and implied contracts with J.M.; intentionally and negligently inflicted emotional distress upon J.M.; violated Title IX; and violated the Illinois School Code's anti-bullying

provisions, among other things. The problem is that it is entirely impossible to ascertain which Defendants Eilenfeldt is referring to when she makes her accusations. Did all of the Defendants breach contracts with J.M., or only some of them? Which Defendant's actions violated the Illinois School Code, or caused J.M. emotional distress? By continually lumping "the Defendants" together Eilenfeldt violates Rule 8(a)'s requirement that she give the Defendants fair notice of the claims against them, because she has deprived the Defendants of the ability to determine which of Eilenfeldt's allegations are being made against them and which are not. She has likewise made it exceedingly difficult for the Defendants to respond to her claims and for the Court to oversee this litigation. *See Vicom, Inc. v. Harbridge Merchant Serv., Inc.*, 20 F.3d 771, 776 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."). Eilenfeldt's group pleading is also problematic because, as discussed *infra*, it is simply impossible for some of Eilenfeldt's allegations to be brought against all of the Defendants (for example, Title IX and *Monell* claims may not be brought against individuals).

Eilenfeldt's Complaint is also difficult to make sense of because she repeatedly pleads multiple claims under single counts. For example, Count IV alleges breaches of both express and implied contracts, which are separate causes of action. Count V alleges "Negligence/Gross Negligence," but fails to clarify which theory of liability she is pursuing. Count II alleges both equal protection and due process violations by the Defendants, and Count III claims equal protection violations as well as deprivations of J.M.'s "privileges and immunities." By pleading her Complaint in this fashion, Eilenfeldt again runs afoul of Rule 8(a), as well as Federal Rule of Civil Procedure 10(b), which provides that, "[i]f doing so would promote clarity, each claim

7

founded on a separate transaction or occurrence must be stated in a separate count . . . ." Stating her claims in separate counts would certainly promote clarity, but Eilenfeldt does not do so.

The Defendants argue that the remedy for these infirmities in Eilenfeldt's Complaint is dismissal, while Eilenfeldt asks for leave to amend it. Pleading rules favor decisions on the merits rather than technicalities, and in the absence of any apparent or declared reason—such as undue delay, bad faith, etc.—leave to amend should be "freely given." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). It does not appear that Eilenfeldt's request to amend is due to any dilatory motive or bad faith, nor does it appear that the School District would be unduly prejudiced by such an amendment. It is also evident from Eilenfeldt's more recent filings that she is in possession of extensive factual detail that she could use to add further specificity to her claims and to clarify which Defendants she alleges those claims against. Therefore, the Court will dismiss Eilenfeldt's Complaint and grant her leave to amend and refile it.

### 2. Claims Against Defendants in their Official Capacities

The Court next addresses the Defendants' argument that all claims made against them in their official capacities must be dismissed as redundant. Suits against municipal agents in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690 n. 55 (1978)). Therefore, if a plaintiff brings suit against a government entity, any claim against an officer of that entity in his or her official capacity is redundant and should be dismissed. *See Schmidling v. City of Chicago*, 1 F.3d 494, 495 n. 1 (7th Cir. 1993) (upholding dismissal of official-capacity suit against city mayor because a lawsuit against the mayor is the same as a lawsuit against the city itself); *Comer v. Hous. Auth. of City of Gary, Indiana*, 615 F.Supp.2d 785, 789-90 (N.D. Ind. 2009) (dismissing

official-capacity claims against board members and directors of a housing authority as redundant, because the housing authority was named as a defendant).

The question here is thus whether the individual Defendants in this case—Whitsitt, Nelson, Westart, Schrock, Winbigler, Brown, and Does I-XX—are municipal agents. The Court is confident that they are, and agrees with other courts that have dismissed official-capacity suits against school administrators and teachers on similar grounds. *See Burreson v. Barneveld Sch. Dist.*, 434 F.Supp.2d 566, 593 (W.D. Wis. 2006) (dismissing § 1983 official-capacity claims against school principal); *Moore v. Bd. of Educ. of City of Chicago*, 300 F.Supp.2d 641, 646 (N.D. Ill 2004) (dismissing as redundant claims against school administrators and teachers in their official capacity); *Kerry M. v. Manhattan Sch. Dist. # 114*, No. 03C9349, 2004 WL 2538303, at *5 (N.D. Ill. Sept. 28, 2004) (not reported in F.Supp.2d.) (dismissing § 1983 suit against director of special education in her official capacity). The Court therefore dismisses all claims against the individual Defendants that are brought against them in their official capacities. Claims against the Defendants in their individual capacities, however, are addressed *infra*.

### 3.  Eilenfeldt's Title IX Claim

The Defendants move the Court to dismiss Count I of Eilenfeldt's Complaint, which alleges violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. First, the Defendants correctly assert that Title IX does not provide for individual liability. Title IX claims can only be brought against educational institutions receiving federal grant assistance, not individuals. *Smith v. Metro. Sch. Dist. Perry Township*, 128 F.3d 1014, 1019 (7th Cir. 1997). Therefore, Count I is dismissed as to the individual Defendants.

That leaves Defendant Board of Education, who argues that Eilenfeldt's Title IX claim against it must be dismissed for failing to state a cause of action. The Board of Education claims

9

that Eilenfeldt's Complaint fails to allege sufficient facts under Rule 8's pleading standard that show she has met the requirements to bring a Title IX claim. Eilenfeldt, in her Response to the Motion to Dismiss, asserts that she has alleged sufficient facts, but in the alternative requests leave to amend her Complaint. Under the circumstances, the Court finds it appropriate to grant Eilenfeldt leave to amend.

As discussed above, the Federal Rules of Civil Procedure and the courts look favorably upon amendment. It is also apparent that Eilenfeldt has more detailed information which she could use to support her Title IX claim. Therefore, Eilenfeldt may amend Count I of the Complaint following dismissal.

### 4. Eilenfeldt's Claims under § 1983

Counts II and III of the Complaint allege equal protection claims against the Defendants under 42 U.S.C. § 1983. Count II, which is titled "*Monell* claim," apparently asserts Eilenfeldt's § 1983 claims against the Board of Education only, as *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), provides that a municipality may be liable under § 1983 when a constitutional violation is caused by a municipal policy or custom. (Of course, if Count II were only alleged against the Board of Education, Eilenfeldt should have indicated as much rather than continuously referring to "the Defendants.") The Defendants claim that Eilenfeldt failed to allege sufficient facts showing that the bullying of J.M. was an official policy or custom adopted by the Board of Education. Eilenfeldt counters that she has pled sufficient facts by alleging the existence of a *de facto* policy of violating J.M.'s constitutional rights by ignoring his complaints of bullying, sex-based harassment, and discrimination, and failing to take the necessary corrective steps to address those issues. While Eilenfeldt, in response to the Motion to Dismiss, now elaborates upon her theory of this *de facto* policy, her Complaint fails to plead sufficient

facts supporting her claim. Therefore, for the reasons discussed above, Eilenfeldt is granted leave to amend and refile Count II of her Complaint.

The Defendants also assert that both Counts II and III should be dismissed because Eilenfeldt failed to allege facts supporting an equal protection claim against them. They claim that Eilenfeldt has failed to plead facts showing that the Defendants, acting under color of state law, discriminated against J.M. as a member of an identifiable class and that the discrimination resulted from deliberate indifference. Eilenfeldt's present response contains more detail on her equal protection claim, specifically that she is alleging a "class of one" equal protection violation. Following dismissal, Eilenfeldt may amend her Complaint to allege with sufficient particularity more facts supporting her claims under § 1983.

The Defendants present two final grounds for dismissing Counts II and III. With regards to Count II, the Defendants contend that it should be dismissed because Eilenfeldt has failed to alleged facts supporting a substantive due process claim. Defendants also ask the Court dismiss Count III because Eilenfeldt has not adequately pled a claim under the privileges and immunities clause. It appears, however, that Eilenfeldt's assertion in Count II that J.M.'s "rights…to due process" were violated, as well as her allegation in Count III that J.M. "suffered and continued to suffer a deprivation of his rights, privileges and immunities" are merely the result of inartful pleading. It is not clear whether Eilenfeldt actually alleges a due process violation in Count II, nor whether in Count III she intends to allege a violation of the Privileges or Immunities Clause of the Fourteenth Amendment or the Privileges and Immunities Clause of the Fourth Amendment. In light of the foregoing, Eilenfeldt may amend Counts II and III following dismissal.

### 5. Eilenfeldt's Breach of Contract Claims

Count IV of Eilenfeldt's Complaint is entitled "Breach of Contract."  It alleges that Eilenfeldt, on behalf of J.M., had "an express and implied contract with Defendants in connection with rights explicitly guaranteed by United Junior High School Student Handbook, and other written policies and procedures of the Defendants, including but not limited [to] the policies on equal educational opportunities, bullying/harassment, student discipline and disciplinary procedures, bus misconduct, and weapons." (Compl. at 8, ECF No. 1.)  She further alleges that the actions of the Defendants constitute a breach of those express and implied contracts.  Unfortunately, this is all the detail that Eilenfeldt provides.  For instance, Eilenfeldt does not specify the terms or parties of the alleged express contract, and she likewise sets forth no detail expounding on the basis of the claimed implied contract.  Eilenfeldt also improperly alleges two distinct claims in the same count.  Following dismissal, Eilenfeldt may redraft her breach of contract claims if she so chooses.

### 6. Eilenfeldt's State Law Negligence Claims

Counts V, VI, and VII of Eilenfeldt's Complaint allege, in one form or another, state law negligence claims against the Defendants.  The Defendants assert that these counts should be dismissed for various reasons, including that they are barred by immunities.  The problem is that, because Eilenfeldt identifies the Defendants with no greater particularity than simply "the Defendants," it is not possible to assess which Defendants should be dismissed.  For example, the Defendants argue that Count V, which alleges "Negligence/Gross Negligence" against the Defendants, should be dismissed under the doctrine of *in loco parenti*, which provides parental immunity to educators under the Illinois School Code in order for them to maintain discipline in schools.  *See* 105 Ill. Comp. Stat. 5/24-24, 34-84(a) (West 1994); *Henrich v. Libertyville High*

*Sch.*, 186 Ill.2d 381, 388 (Ill. 1998). However, the parental immunity doctrine only bars claims of negligence, not claims of willful or wanton misconduct. *Kobylanski v. Chicago Bd. of Educ.*, 63 Ill.2d 165, 173 (Ill. 1976). Therefore, whether the Defendants will be immune from Eilenfeldt's claims depends on whether she has alleged that their actions were willful and wanton or whether they were merely negligent. But due to Eilenfeldt's lumping together of the Defendants, as well as her pleading of multiple claims in single counts, it is not possible to parse out which Defendants acted in which way or to assess which Defendants may be immune. Therefore, Eilenfeldt may amend Counts V, VI, and VII of her Complaint.

### 7. Eilenfeldt's Claims Under Illinois's Bullying Prevention Statute

Count VIII of Eilenfeldt's Complaint alleges violations of "I.L.C.S. Sec. 27-23.7," which the Court takes to mean the bullying prevention provisions of the Illinois School Code, 105 Ill. Comp. Stat. 5/27-23.7 (West 2010). That statute prohibits bullying generally and sets forth school districts' duties with regard to bullying prevention under subsection (d):

> Each school district and non-public, non-sectarian elementary or secondary school shall create and maintain a policy on bullying, which policy must be filed with the State Board of Education. Each school district and non-public, non-sectarian elementary or secondary school must communicate its policy on bullying to its students and their parent or guardian on an annual basis. The policy must be updated every 2 years and filed with the State Board of Education after being updated. The State Board of Education shall monitor the implementation of policies created under this subsection (d).

§ 27-23.7(d). Eilenfeldt claims that the Defendant Board of Education and administrators violated this provision by failing to take reasonable steps to communicate the School District's policy on bullying to students and parents, by failing to train staff and teachers on how to prevent and respond to complaints of bullying, and by acting in direct contradiction to their own bullying policies. (Compl. at 10, ECF No. 1.)

The Defendants move to dismiss Count VIII on the grounds that § 27-23.7 does not provide the right for an individual to seek damages for a violation of its provisions. It is true that the statute does not specifically impose liability on school districts who fail to comply with its requirements. But neither does the statute absolutely foreclose such a private right of action as other states' anti-bullying statutes do. *See* OKLA. STAT. ANN. tit. 70, § 24-100.3(D) (West 2008) ("Nothing in this act shall be construed to impose a specific liability on any school district."); OR. REV. STAT. § 339.364 (2007) ("[This statute] do[es] not create any statutory cause of action."); VT. STAT. ANN. tit. 16, § 165(d) (West 2008) ("Nothing herein shall create a private right of action."). Rather, the statute simply states: "This Section shall not be interpreted to prevent a victim from seeking redress under any other available civil or criminal law." § 27-23.7(e). The question is thus whether the Court should imply a private right of action into the statute.

A private cause of action may be implied in a statute when (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) it is consistent with the underlying purpose of the act; (3) the plaintiff's injury was one the statute was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the statute. *Rodgers v. St. Mary's Hosp. of Decatur*, 173 Ill.2d 302, 308 (Ill. 1992). The Defendants do not dispute that J.M. falls within the class of people that the statute is enacted to protect nor that the statute was designed to prevent the kind of injuries that J.M. suffered. The only question is whether a private right of action is necessary to provide an adequate remedy for violations of the statute and whether that would be consistent with the underlying purpose of the act.

The Court believes that these questions would be best addressed by the state courts. While the Court is reluctant to forego ruling on the issues presented by the parties, it is mindful

that no Illinois state court has yet ruled on whether § 27-23.7 provides a private right of action, nor whether such a right of action should be implied into the statute. The Court therefore deems it proper to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(1), which provides that a district court may decline to exercise supplemental jurisdiction if the claim raises a novel or complex issue of state law. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (district courts may decline to exercise jurisdiction over supplemental state law claims depending on a host of facts, including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal law claims). Because Illinois law with respect to Eilenfeldt's claims under § 27-23.7 is undeveloped as of yet, a ruling from this Court as to whether the statute provides a private right of action would require significant policy determinations as to the legislative intent behind the statute and the inherent role of the statute in remedying bullying in schools. The Court believes that such determinations are better left to the discretion of the state courts. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's rights. . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

For this reason, the Court dismisses Count VIII of Eilenfeldt's Complaint without prejudice.

### 8. Eilenfeldt's Request for Injunctive Relief

Count IX of Eilenfeldt's Complaint does not allege a cause of action, but rather seeks a permanent injunction compelling the Defendants to cease and desist discriminating against J.M. and to conform to the policy requirements of Title IX, including but not limited to developing a

policy and procedure to investigate complaints of sexual harassment and bullying. The Court already denied Eilenfeldt's earlier motion for injunctive relief as to J.M. because he graduated from Union Junior High School, thereby mooting any need for an injunction. With respect to Eilenfeldt's general request for an injunction to compel the Defendants' compliance with Title IX, Eilenfeldt may ask for such relief under a properly pleaded cause of action if and when she amends her Complaint.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss is granted. All claims against the individual Defendants in their official capacities are hereby dismissed with prejudice. Eilenfeldt's Title IX and *Monell* claims (Counts I and II) are dismissed with prejudice as to the individual Defendants. Count VIII is dismissed without prejudice. Eilenfeldt is granted leave to amend the remaining counts of her Complaint consistent with these limitations. The Defendants are also reminded that once Eilenfeldt files her amended Complaint they must file any applicable responsive pleadings or defenses in accordance with the time requirements set forth in Federal Rule of Civil Procedure 12.

Entered this 25th day of March, 2013.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE