**E-FILED**
Friday, 04 September, 2015  12:33:12 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| PAMELA EILENFELDT,<br>        Plaintiff,<br><br>v.<br><br>UNITED C.U.S.D. #304 BOARD OF<br>EDUCATION, Political Subdivision<br>of the State of Illinois, et al,<br>        Defendants. | Case No. 4:12-cv-04029-SLD-JEH |

**Order**

Now before the Court is the Defendants' Motion to Stay Discovery (Doc. 50).  The Plaintiff filed a Response (Doc. 55) and for the reasons set forth below, the Motion is GRANTED.

**I**

On March 20, 2012, the Plaintiff, Pamela Eilenfeldt, filed her Complaint on behalf of her minor child J.M. alleging nine separate causes of action against various individuals and entities associated with the United Community Unit School District #304.  The Defendants' first Motion to Dismiss the Complaint was granted on March 25, 2013, and the Plaintiff was given leave to amend the remaining counts of her Complaint.  The Plaintiff filed her First Amended Complaint to include eight causes of action.  The Defendants' Motion to Dismiss the First Amended Complaint was granted and the Plaintiff was given leave to amend her complaint consistent with the Court's Order granting the Defendants' second Motion to Dismiss.  The Plaintiff then filed her Second Amended Complaint alleging four causes of action, but after the Court granted in part and denied in part the Defendants' Motion to Dismiss the Second Amended

1

Complaint, only Count II (42 USC § 1983 *Monell* claim) and Count III (Section 1983 substantive due process claim) remained.   On July 10, 2015, the six individual Defendants filed a Motion for Summary Judgment Based on Qualified Immunity (Doc. 48).   In that Motion, they argue:   1) the allegations in the Complaint do not establish a constitutional substantive due process right because no "fundamental" interest is implicated; and 2) the substantive due process right alleged was not clearly established.   The Motion for Summary Judgment remains pending.

Thereafter, the Defendants filed their Motion to Stay Discovery in this matter until the Court rules on the pending Motion for Summary Judgment. They argue that the entry of a discovery stay would limit disruption to not only governing the school district but also in providing instruction and guidance to the students for which the individual Defendants are responsible.

## II

Considering the defense of qualified immunity, the United States Supreme Court in *Harlow v Fitzgerald* explained, "Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment."   457 US 800, 818 (1982).   The *Harlow* court went on to say that, "Until this threshold immunity question is resolved, discovery should not be allowed."   Id.   See *Anderson v Creighton*, 483 US 635, 646 n 6 (1987) (highlighting that one purpose of the *Harlow* qualified immunity standard is "to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government") (internal quotations omitted).   The Supreme Court has made clear that, "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the

commencement of discovery." *McGrath v Gillis*, 44 F3d 567, 569 (7th Cir 1995), quoting *Mitchell v Forsyth*, 472 US 511, 526 (1985).

Here, the Plaintiff opposes a stay of discovery, arguing that it has already been established that the individual Defendants are not entitled to qualified immunity at this stage in the litigation, based upon the rulings on the Motions to Dismiss.  To illustrate her argument, the Plaintiff cites to the Court's findings in its Orders ruling on the Defendants' previous Motions to Dismiss filed in this case.  The Plaintiff highlights the following findings from the Court's Orders:  a substantive due process violation can occur even when no fundamental right is involved; "Eilenfeldt has adequately alleged that Defendants acted arbitrarily and that their actions were not rationally related to a legitimate government interest;" whether conduct "shocks the conscience" is a fact-bound inquiry that in this case is not appropriately decided at the motion-to-dismiss stage; and a government failure to act is "actionable" if a special relationship has been created between government and victim, or if the state created the danger that now threatens the victim.

The motion to dismiss standard is different from the summary judgment standard.  See *Ashcroft v Iqbal*, 556 US 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 570 (2007); compare FRCP 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). The Court was not previously tasked with addressing the pointed question of whether, as a matter of law, the Defendants are entitled to qualified immunity in this case.   The Plaintiff's argument that discovery should not be stayed presupposes that it will prevail on the pending summary judgment motion.  That

presupposition is erroneous; the rulings on the Motions to Dismiss do not preclude the Court from finding qualified immunity at the summary judgment stage.  Now that the question is squarely before the Court, and in light of the Supreme Court's clear holdings on the issue of qualified immunity and the reasons to preclude discovery before the issue is resolved in a case, discovery is stayed in this case.

### III

For the foregoing reasons, the Defendants' Motion to Stay Discovery (Doc. 50) is GRANTED.  Discovery is STAYED in this matter until the Court rules on the pending Motion for Summary Judgment Based on Qualified Immunity (Doc. 48).

*It is so ordered.*

Entered on September 4, 2015.


s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE